## J. P. LINDLY v. THE STATE.

### No. 7846.   Decided January 30, 1924.

**False Swearing—Misconduct of Jury—Motion for New Trial.**

Where, upon motion for a new trial after a conviction of false swearing, it was alleged that the jury after they had retired to deliberate upon the verdict received evidence of a material character other than that introduced during trial, and it was shown by the different jurors that this occurred in the jury room before agreement, a new trial should have been granted, and the failure to do so is reversible error.

Appeal from the District Court of Hall.   Tried below before the Honorable Henry S. Bishop.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Allen Grandy* and *Fires & Williams,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for false swearing, punishment having been fixed at confinement in the penitentiary for two years.

In June, 1921, W. O. Perkins had executed a promissory note and delivered it to appellant.   On January 4, 1922, appellant made an affidavit that said note had been lost and it is upon this affidavit that the prosecution was based.   The evidence shows that a day or two before the affidavit was made appellant had been engaged in a game of cards during which he became under the influence of liquor and transferred this note to one Ballew.   The defensive evidence was to the effect that appellant at the time was so completely under the influence of liquor that he did not appear to know what he was doing.   The next morning after the card game and transfer of the note he was looking through his papers searching for it and making inquiry with reference to it.   It was also in evidence that his residence was destroyed by fire a few days before the transfer of the note to Ballew and that appellant told the maker of the note that it had probably been destroyed at the time his residence burned.   There was not the slightest testimony indicating that the fire was of incendiary origin, and no evidence relative to appellant's reputation was before the jury.

In one ground of his motion for new trial appellant averred that after the jury had retired to deliberate in the case they received evidence of a material character other than that introduced during the trial.   Upon the hearing of this motion the testimony of the

various jurors was taken, and it is made to appear without question that during their deliberation and before they had reached a verdict and while one of the jurors at least was holding out from an agreement to a verdict of guilty, some juror said : "Didn't you know that they came near sending him (meaning appellant), to the pen a short time before he did this, for burning his own house?" There is some conflict in the evidence as to which particular jurors made this statement; some of the jurors did not hear it but the testimony of other jurors is positive to the effect that it was made. It, therefore, does not leave the record showing a conflict in the testimony which the trial court might have decided and thereby made his action binding upon this court in the absence of an abuse of his judicial discretion in the matter, but as we understand the testimony it establishes beyond question that the transaction complained about did occur. Mr. Cummings, one of the jurors, testified that he had been voting for an acquittal until one of the jurors asked him if he did not know the appellant had been accused of burning his own house just a few days before the affidavit relative to the loss of the note was made, and upon being told by Mr. Cummings that he did not the juror replied that they came near sending him to the penitentiary for that, that is, the alleged burning of the house. That after this information was imparted to him he concluded that possibly the other eleven jurors knew more about appellant than he did and that he felt like it was not his duty to hold out against the others under those circumstances.

One of the grounds upon which Article 837, Code Criminal Procedure provides that a new trial shall be granted, as shown in subdivision 7 under said article, is that the jury have received other testimony after having retired to deliberate upon a case. It is not necessary to consume the time to point out the harmful effect of this statement made in the jury room. The State's attorney realizing this has confessed error, agreeing that the learned trial judge should have granted a new trial for the reasons stated. We think it unnecessary to cite particular authorities but many will be found collated under the subdivision of Art. 837 referred to on page 789, 2nd volume of Vernon's Criminal Statutes.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*